IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH A. QUITTMAN,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. RWT 10-3407 |
| | * | |
| **CHEVY CHASE VILLAGE,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION

On December 6, 2010, Defendant Chevy Chase Village ("the Village") filed a motion to dismiss Plaintiff Kenneth Quittman's ("Quittman") complaint, *see* ECF No. 4, as well as a motion for a more definite statement as to Quittman's state and federal constitutional claims. *See* ECF No. 6. Quittman, in turn, filed a motion to remand to state court, *see* ECF No. 12, a motion for default judgment, *see* ECF No. 16, and a motion for sanctions, *see* ECF No. 17.

On July 25, 2012, this Court granted the Village's motion to dismiss, describing Quittman's complaint as a "hopeless hodgepodge of vague, inconsistent and overlapping allegations that utterly fails to comply" with minimum pleading standards. *See* ECF No. 19 at 4; ECF No. 20. The Court further denied Quittman's motions for remand, default judgment, and sanctions. *See* ECF No. 20. The Court ordered Quittman to show cause within 30 days why he should not be sanctioned for filing a meritless complaint and motions, and ordered the Village to submit a statement breaking down its fees and expenses to assist the Court in determining the appropriate sanction, should one be appropriate. *Id.* The Court additionally granted the motion for a more definite statement, allowing Plaintiff to file an amended complaint to correct his "currently unintelligible" federal and state constitutional claims, while cautioning Plaintiff to

consider whether his best course of action would be to "exit from the stage without further harm inflicted" on himself.  *See* ECF No. 19 at 8, 11; ECF No. 20.

On August 8, 2011, the Village filed an affidavit briefly describing its attorney's fees and costs.  *See* ECF No. 21, Ex. 1.  On August 19 and 22, 2011, Quittman filed a litany of excuses and rehashed complaints regarding the conduct of the Village and this Court in response to the Court's show cause order.  *See* ECF Nos. 22 and 23.  He did not, however, file an amended complaint, choosing instead to "exit from the stage" as advised by the Court.  *See* ECF No. 22 at 6.

## DISCUSSION

As Quittman has chosen not to amend his federal and state constitutional claims, his complaint will now be dismissed with prejudice.

As to the issue of sanctions, under Maryland Rule 1-341, if a court finds in a civil action that the "conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the cost of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it."  Analogous provisions are contained in Rule 11 of the Federal Rules of Civil Procedure.

As this Court previously noted, the "vast bulk" of Quittman's filings were "wholly without merit."  ECF No. 19.  Quittman has failed to offer any valid reason for why he should not be sanctioned accordingly, as his responses to the Court's show cause order consist largely of witty repartee and weak explanations, and contain no legitimate justifications for his slew of meritless motions or his poorly researched and crafted complaint.  The Court shall therefore

impose a sanction against Quittman to help compensate the Village for the expenses it incurred in defending against the present action.

To aid in the determination of an appropriate sanction, the Court requested that the Village submit a statement of its fees and expenses. *Id.* According to the Fourth Circuit's ruling in *Robinson v. Equifax Information Servs., LLC*, if an award of attorney fees is to be made it should be based on the "lodestar" amount, or the hours reasonably expanded multiplied by the reasonable hourly rate. 560 F.3d 235, 243 (4th Cir. 2009). The fee applicant bears the burden of establishing the reasonableness of a requested hourly rate. *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorneys' own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* Examples of information that is sufficient to verify prevailing market rates include affidavits of local lawyers familiar with the type of work involved, the relevant community, and the skills of the fee applicants; evidence of what attorneys earn for providing similar services in similar situations; and evidence of what the prevailing party's attorney actually charged the client in the case at hand. *See Robinson*, 560 F.3d at 245; *Depaoli v. Vacation Sales Assocs., L.L.C.,* 489 F.3d 615, 622 (4th Cir. 2007). In addition to establishing the reasonableness of the hourly rate requested, a fee applicant also must establish the reasonableness of the hours for which compensation is sought. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). When the documentation of hours is vague or incomplete, the court may reduce the award accordingly. *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780, 788-89 (D. Md. 2000).

The Village's statement of fees and expenses does not fully comply with the standards established by the Fourth Circuit in *Equifax*. *See* ECF No. 21. In support of its motion for

sanctions, the Village filed only the two-page affidavit of its counsel, Kevin Karpinski. *See id.*, Ex. 1 In his affidavit, Karpinski lists seven categories of work that he performed on behalf of the Village in this action, such as "Research and draft Motion to Dismiss" and "Draft Notice of Removal." For each category, he provides a lump sum fee amount ranging from $147.60 to $4,644.48. The total fees and costs allegedly incurred is $9,438.63. Karpinski fails, however, to describe in his affidavit how he reached these numbers. He does not identify and document the hourly rate he used and the numbers of hours he worked, nor does he attempt to justify the reasonableness of his calculations.

Rule 11(c)(4) of the Federal Rules of Civil Procedure provides that a "sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. This sanction may include non-monetary directives; an order to pay penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(5) of the Federal Rules of Civil Procedure provides that a "monetary sanction may not be imposed by the court on its own, unless it issued a show cause order against the party proposed to be sanctioned," which was done in this case.

The Court has already detailed in its Memorandum Opinion filed July 25, 2011 [ECF No. 19] the conduct justifying sanctions in this case, and it will not here be repeated. The Court is satisfied that the Plaintiff has learned a lesson from his experience in this case and does not believe a sanction in the full amount of the fees and expenses of the Defendant would be appropriate. Nevertheless, a sanction in the form of a payment to the Defendant for some of its

fees and expenses is appropriate.  Accordingly, the Court will enter a sanction in the amount of

$1,000.00 payable to the Defendant by the Plaintiff on or before April 1, 2013.

## **CONCLUSION**

For the above-mentioned reasons, the Court shall, by separate Order:

1) Dismiss Plaintiff Quittman's complaint, in its entirety, with prejudice; and

2) Impose sanctions of $1,000.00 against Plaintiff Quittman.


February 28, 2013                                              /s/
                                          Roger W. Titus
                                          United States District Judge